# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEPHEN D. TRAIL,**
**Claimant Below, Petitioner**

**vs.)   No. 15-1051** (BOR Appeal No. 2050353)
               (Claim No. 2013029863)

**SAUNDERS STAFFING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephen D. Trail, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Saunders Staffing, Inc., by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 29, 2015, in which the Board affirmed a March 20, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 24, 2014, decision which denied a request to add back pain, lumbosacral radiculopathy, and lumbar disc displacement to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Trail, a maintenance worker, was injured in the course of his employment on May 3, 2013, when he hit a hole while driving a lawn mower. Treatment notes from Appalachian Regional Hospital indicate Mr. Trail reported lower back pain radiating down his right leg and numbness in his right leg. He stated that he was mowing at work and hit a hole, jarring his back. It was noted that he had back problems ten years prior but it resolved. He was diagnosed with lumbago and thoracic/lumbar neuritis/radiculitis. A lumbar x-ray taken on May 6, 2013, showed narrow posterior disc spaces at L1-2 and L5-S1. It also showed degenerative ossification of the

1

anterior spinal ligament at L1-2. A right hip x-ray was normal. The claim was held compensable for lumbar sprain/strain on May 20, 2013.

On June 16, 2013, a lumbar MRI showed a central posterior and right paracentral disc protrusion causing significant central canal or neuroforaminal stenosis at L5-S1. It also showed a minor disc protrusion at L2-3 and a minor bulge at L4-5. In a June of 2013 treatment note, Sara Cales, P.A., noted that the June 16, 2013, MRI did not show a definite cause of the radiculopathy. On July 16, 2013, Mr. Trail was seen for a neurological consultation by Jeffrey Greenberg, M.D. Dr. Greenberg stated Mr. Trail may have some symptoms of meralgia paraesthetica (nerve compression in the leg) and prescribed Neurontin. He also recommended lumbar facet injections. Prasadarao Mukkamala, M.D., recommended denying the facet injections in a July 30, 2013, physician review. Dr. Mukkamala opined that Mr. Trail had pre-existing degenerative changes. He stated that the injections were to treat the facet joint pathology, which is not part of the claim.

On August 2, 2013, Mr. Trail's symptoms were unchanged, and he was placed into a work conditioning program. He requested release from Ms. Cales to supervise a golf team. He stated that he would not be driving himself long distances because he was incapable of driving more than ten or fifteen minutes without significant pain. On September 20, 2013, Robert Short, D.O., performed a physician review in which he was asked to review video surveillance of Mr. Trails at a golf course. He noted that Mr. Trails walked around the golf course with no difficulty. He was observed bending at the waist to put something in a trunk with no difficulty. He was seen carrying a large beverage case to his vehicle. No evidence of pain or difficult was observed. Dr. Short concluded that Mr. Trails could also drive for distances and time periods larger than the medical records indicate. He recommended Ms. Cales view the video.

In an October 25, 2013, treatment note, Amarinder Chhabra, M.D., Ms. Cales's supervising physician, opined that Mr. Trails had reached maximum medical improvement. He stated that he needed to speak to his employer about an alternative job within his limitations. Ms. Cales requested the addition of back pain, radiculopathy, and herniated disc to the claim on December 3, 2013. Rebecca Thaxton, M.D., was asked to review the request in a September 19, 2014, physician review. She ultimately recommended that the diagnoses not be added to the claim. She stated that back pain is a vague symptom code. The lumbar disc herniation and radiculopathy was also determined to be unrelated to the compensable injury. It was found that a June 16, 2013, MRI showed a suspicious finding, which was thoroughly evaluated. She found that Dr. Mukkamala concluded that the degenerative changes were pre-existing and that facet joint pathology was not part of the claim. Radicular symptoms due to degenerative disease are not part of the claim.

The StreetSelect Grievance Board determined that there is no medical evidence to support the addition of the requested diagnoses. The claims administrator thereafter denied the request to add back pain, lumbosacral radiculopathy, and lumbar disc displacement to the claim on September 24, 2014. The Office of Judges affirmed the decision in its March 20, 2015, Order. It found that Dr. Thaxton's record review and the findings of the StreetSelect Grievance Board were the most persuasive of record. The Board found no medical evidence to support the

addition of the requested diagnoses to the claim. Dr. Thaxton further noted that the diagnosis of back pain is a vague symptom code. For the lumbar disc herniation and lumbar radiculopathy, Dr. Thaxton found that Mr. Trail had a suspicious finding on a June 16, 2013, MRI and had a thorough evaluation of it, including with Dr. Greenberg, a neurologist. Dr. Greenberg noted that the MRI showed no significant neural compressive pathology. He recommended facet injections and stated that there were some symptoms of nerve compression in the leg. Dr. Thaxton found that Dr. Greenberg did not diagnose a disc herniation. She also found that Mr. Trail's treating physician found him to be at maximum medical improvement on October 25, 2013. Lastly, Dr. Thaxton noted that Dr. Mukkamala's report states that x-rays show pre-existing degenerative changes and that the facet joint pathology is not related to the claim. Also, radicular symptoms due to degenerative disc disease would not be compensable.

The Office of Judges further determined that Mr. Trail's previous medical records showing similar symptoms and assessments of his condition weigh against holding the diagnoses compensable in this case. The Office of Judges noted that Dr. Greenberg found that the MRI scan of the lumbar spine really does not show any significant neurocompressive pathology. He felt Mr. Trail was having facet arthropathy associated with a nerve compression. Dr. Mukkamala also found that the joint arthropathy was not related to the compensable injury. He further noted that the x-rays taken on May 6, 2013, revealed degenerative changes and that they would have been pre-existing. The Office of Judges ultimately held that, though Mr. Trail may have radicular symptoms, there is no medical evidence to support the addition of the requested diagnoses to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 29, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Trail sprained his lower back when he hit a hole while riding on a lawn mower. Drs. Thaxton and Mukkamala both opined that the requested diagnoses are the result of pre-existing conditions, and the x-rays and MRIs taken shortly after the compensable injury occurred show degenerative changes.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4